IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LESTER SIMMONS,
     Petitioner,

vs.                                 Case No.: 3:07cv390/LAC/EMT

JAMES R. McDONOUGH,
     Respondent.
_____/

## REPORT AND RECOMMENDATION

Now pending is Respondent's motion to dismiss (Doc. 10) the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  Respondent seeks dismissal of the petition on the basis that it was untimely filed pursuant to 28 U.S.C. § 2244(d).  Petitioner filed a response in opposition to the motion (Doc. 12).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that Respondent's motion to dismiss should be granted.

I.      BACKGROUND

The procedural background of this case is undisputed.  On July 6, 1967, Petitioner pleaded guilty in the Circuit Court for Escambia County, Florida, to one count of rape (*see* Doc. 10 at 1, Ex. C; *see also* Doc. 1 at 1).  He was sentenced on September 18, 1967, to life imprisonment (Doc. 10, Ex. B).  Petitioner did not appeal his judgment of conviction and sentence (*see* Doc. 1 at 2).

On September 14, 1979, Petitioner was released on parole (*see* Doc. 12 at 4, Ex. A).  He remained on parole until 1997, when his parole was apparently revoked and he was re-incarcerated (*see* Doc. 12 at 4).  Petitioner states that immediately after he re-entered the Department of Corrections (DOC), he "commen[c]ed" filing a motion for specific performance of the plea agreement in the trial court (*id*.).  The trial court denied the motion on May 9, 2001 (*see* Doc. 1 at 2–3). Petitioner appealed the decision to the Florida First District Court of Appeal (First DCA), and the appellate court affirmed per curiam without written opinion on October 23, 2001, with the

mandate issuing November 20, 2001 (*id*. at 3).  Simmons v. State, 799 So. 2d 1029 (Fla. 1st DCA Oct. 23, 2001) (Table).

On October 23, 2002, Petitioner filed a motion for postconviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (*see* Doc. 1 at 3a).  The trial court denied the motion (*id.*).  Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on May 23, 2003, with the mandate issuing June 18, 2003 (*id*. at 3a).  Simmons v. State, 847 So. 2d 462 (Fla. 1st DCA May 23, 2003) (Table); *see also* Simmons v. State, No. 1D02-4870 (Fla. 1st DCA), docket entries dated 05/23/2003, 06/18/2003 (on-line docket located at www.1dca.org.).

Also during that time, Petitioner filed a motion for DNA testing, pursuant to Rule 3.853 of the Florida Rules of Criminal Procedure (*see* Doc. 1 at 3a).  The trial court denied the motion (*id.*). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on December 5, 2003, with the mandate issuing December 31, 2003. Simmons v. State, 861 So. 2d 29 (Fla. 1st DCA Dec. 5, 2003) (Table); *see also* Simmons v. State, No. 1D03-3984 (Fla. 1st DCA), docket entries dated 12/05/2003, 12/31/2003 (on-line docket located at www.1dca.org.).

On January 3, 2006, Petitioner filed a petition for writ of habeas corpus with the trial court (*see* Doc. 1 at 4a).[1]  The trial court dismissed the petition (*id*.).  Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on October 13, 2006, with the mandate issuing January 31, 2007.  Simmons v. State, 946 So. 2d 18 (Fla. 1st DCA Oct. 13, 2006) (Table); *see also* Simmons v. State, No. 1D06-2608 (Fla. 1st DCA), docket entries dated 10/13/2006, 1/30/2007 (on-line docket located at www.1dca.org.)..

Petitioner filed the instant habeas action on August 1, 2007 (*see* Doc. 1 at 6).[2]  He presents the following five grounds for relief:

Ground one:  Conviction obtained by use of coerced confession. Petitioner's plea was involuntarily entered where he was charged with capital rape and was told he would receive the death penalty if he went to jury trial and lost. Petitioner desired to prove his innocence by jury trial.

Ground two:   Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.  Petitioner raised post-conviction relief by DNA

---

[1]Although Petitioner states he filed the petition on May 10, 2006 (*see* Doc. 1 at 4a), the docket of the Escambia County Circuit Court shows that the petition was filed January 3, 2006.  *See* Simmons v. State, Case No. 67-0967-CFA (Escambia Cir. Ct.), docket entry dated 1/3/2006 (on-line docket located at www.clerk.co.escambia.fl.us).  The court will construe the record in Petitioner's favor and deem the state petition filed on January 3, 2006.

[2]Petitioner's certification as to when he delivered his petition to prison officials is incomplete as he states the month and year he provided it to officials, but he does not indicate the date (*see* Doc. 1 at 6).  The clerk's stamp indicates that the federal petition was received by the court on September 13, 2007 (*see* Doc. 1 at 1).  The court will construe the record in Petitioner's favor and deem the petition filed on August 1, 2007.

testing [sic] expressing the evidence obtained from his parent's house were [sic] tainted evidence.  He sought to prove his innocence that he did not commit the crime charged.

Ground three: Petitioner's sentence of life imposed on unconstitutional statute denied him due process.  Statutes that Petitioner was sentence by was [sic] unconstitutional and failed to give notice of punishment of 15-year old minors who commit sexual battery on adults.

Ground four:  Denial of the effective assistance of counsel.  Counsel was ineffective for failing to raise juvenile sanctions at trial court.  Petitioner was a minor of the age or [sic] 15.  He should not have been given a life sentence for the offense.  Counsel misadvised the Petitioner that if he pursued his innocence by jury trial, that he would receive the death penalty, for capital sexual battery/capital rape.

Ground five: Denial of effective assistance of counsel, where trial counsel failed to prosecute direct appeal for the Petitioner after having been requested to do so.

(Doc. 1 at 4–5).

II.    ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104–132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).  In the context of subsection (A) above, a "fifth option" supplied uniformly by the Courts of Appeals gives prisoners whose convictions became final prior to the AEDPA a one-year grace period running from the statute's effective date.  Johnson v. United States, 544 U.S. 295, 125 S. Ct. 1571, 1576, 161 L. Ed. 2d 542 (2005) (citing Duncan v. Walker, 533 U.S. 167, 183 n. 1, 121 S. Ct. 2120, 2130 n.1, 150 L. Ed. 2d 251 (2001) (Stevens, J., concurring in part and concurring in the judgment) (collecting cases)); Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1211 (11th Cir. 1998).  Thus, petitioners contesting events occurring prior to the enactment

of the AEDPA have one year from the AEDPA's effective date, that is until April 24, 1997, to file a federal habeas corpus petition. <u>Wilcox</u>, *supra*; <u>Moore v. Campbell</u>, 344 F.3d 1313, 1319–20 (11th Cir. 2003) (holding that Fed. R. Civ. P. 6(a) applies to the effective date of the AEDPA; thus, a petition filed on April 24, 1997 would be timely).

Petitioner has not asserted that any of his claims are based on a right newly recognized by the Supreme Court or that the factual predicate of the claims presented could not have been discovered, through the exercise of due diligence, prior to April 24, 1996. He does assert that the Florida DOC created an impediment to his timely filing by denying him and other Florida inmates meaningful access to the courts by virtue of failing to provide constitutionally adequate legal assistance in the form of law libraries and inmate law clerks (*see* Doc. 12 at 4–16). Therefore, to determine the appropriate statutory trigger for the limitations period, the undersigned must determine which event occurred later, the effective date of the AEDPA, April 24, 1996, or the date the state-created impediment was removed.

Petitioner states that the state-created impediment was not removed until the decision in <u>Hooks v. Wainwright</u>, 775 F.2d 1433 (11th Cir. 1985), *cert. denied*, 479 U.S. 913, 107 S. Ct. 313, 93 L. Ed. 2d 287 (1986) (Mem). The <u>Hooks</u> case was a class action brought on behalf of Florida inmates challenging the adequacy of prisoners' access to courts, and resulted in a state plan for ensuring that prisoners had meaningful access to courts. *Id.* However, Petitioner was exposed to the inadequate legal facilities only from 1967–1979 because he was released on parole on September 14, 1979, and was not re-incarcerated until 1997, after the <u>Hooks</u> decision. Therefore, in Petitioner's case, the state-created impediment was removed in 1979, when he was released from the DOC, and he did not suffer interference by prison officials after 1979. However, allowing Petitioner the benefit of the "fifth option" referenced above, at the very latest Petitioner's one-year limitation period under section 2244(d)(1)(A) began to run on April 24, 1996, the effective date of the AEDPA, and continued through April 24, 1997.

Petitioner may be entitled to review of his petition if the limitations period was tolled pursuant to statutory tolling principles. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, according to Petitioner, he filed a motion for specific performance of the plea agreement immediately upon his re-incarceration in 1997. Assuming that the motion was a tolling motion, it remained pending November 20, 2001, upon issuance of the appellate court's mandate affirming the trial court's denial of the motion. *See* <u>Nyland v. Moore</u>, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court). The federal

limitations period then ran three hundred thirty-six (336) days until October 23, 2002, when Petitioner filed a Rule 3.850 motion as well as a Rule 3.853 motion for DNA testing. Assuming that the Rule 3.853 motion was a tolling motion, that motion was pending until December 31, 2003, after the Rule 3.850 motion was no longer pending. The federal limitations period expired twenty-nine (29) days later on January 30, 2004, during which time Petitioner did not file any post-conviction applications. Therefore, Petitioner's federal petition filed on August 1, 2007, over three years after the limitations period expired, was untimely.

Petitioner does not allege grounds for equitable tolling of the limitations period; however, liberally construing his petition, he contends he is entitled to review of his petition through the actual innocence "gateway" provided by Schlup v. Delo, 513 U.S. 298 (1995) (see Doc. 1 at 4, 6). In Schlup, the Supreme Court set forth the standard of proof governing a habeas petitioner's procedural claim of actual innocence: the petitioner must show that constitutional error "probably resulted" in the conviction of one who is actually innocent. Id., 513 U.S. at 324, 326–27. A mere allegation of innocence is not enough:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

Schlup, 513 U.S. at 324.

In assessing the adequacy of Petitioner's showing, the district court "is not bound by the rules of admissibility that would govern at trial." Id. Instead, the court is allowed also to consider "the probative force of relevant evidence . . . 'including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'" Schlup, 513 U.S. at 328 (emphasis added) (quoting Friendly, Is Innocence Irrelevant?  Collateral Attack on Criminal Judgments, 38 U.Chi.L.Rev. 142, 160 (1970)).

In the instant case, Petitioner states that he is innocent of the charge, and if DNA testing was performed on the evidence, he would be exonerated (Doc. 1 at 4, 6) (emphasis added). Although Petitioner asserts that DNA testing would exonerate him, he does not proffer any evidence that this testing has actually been done; thus, he has made no showing of actual, existing new evidence that exculpates him. Therefore, Petitioner has not made a threshold showing of actual innocence to avoid a statute of limitations bar to the consideration of his petition.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (Doc. 10) be **GRANTED**.

2.      That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as untimely.

At Pensacola, Florida, this 8th  day of February 2008.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

       Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).